# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **1:06-mc-0010 AWI GSA** |
| | ) | |
| **Plaintiff**, | ) | **ORDER DISMISSING ACTION** |
| **v.** | ) | **FOR LACK OF PROSECUTION** |
| | ) | |
| **NEW VISTA CAPITAL FUND, LP,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## BACKGROUND

On December 5, 2010 Plaintiff filed a complaint against New Vista Capital Fund, LP, along with a request to appoint SBA as Receiver of Defendant.  On March 22, 2006, the Magistrate Judge determined that this action should be reassigned from a civil case to a miscellaneous case.   The Magistrate Judge noted that the case was currently pending before the United States District Court, Northern District of California, San Jose Division as Case Number CV-05-4187 JF-PVT.  The complaint was filed in this District for the purpose of facilitating the receiver's duties.  However, since the complaint was filed, no further document has ever been filed in this action.

On December 7, 2010, the Clerk of the Court issued a minute order that placed this matter on the court's January 3, 2011 calendar for a hearing on dismissal for lack of prosecution.   The minute order stated that any opposition to dismissal was to be filed by December 20, 2010.

1   Plaintiff did not file any opposition to dismissal for lack of prosecution and did not contact the

2   court in any way.

3       On January 3, 2011, the court held a hearing concerning dismissal of this action for lack

4   of prosecution.  Plaintiff was not present when the case was called.   Noting that nothing had

5   occurred in this action since it was filed and Plaintiff's absence at the hearing, the court

6   dismissed this action.

7                               **LEGAL STANDARD**

8       A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

9   action or failure to obey a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

10  1992).   In determining whether to dismiss an action for lack of prosecution the court must

11  consider several factors, including: "(1) the public's interest in expeditious resolution of

12  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the

13  availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on

14  their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet,

15  963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

16  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a

17  'way for a district judge to think about what to do.'"   In re Phenylpropanolamine (PPA) Products

18  Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec.

19  Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

20                               **DISCUSSION**

21      The court finds that dismissal for Plaintiff's failure to prosecute is appropriate.   The

22  public's interest in expeditiously resolving this litigation and the court's interest in managing the

23  docket weigh in favor of dismissal.   "The public's interest in expeditious resolution of litigation

24  always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d

25  983, 990 (9th Cir. 1999).  This action has been pending for five years.   Since the complaint was

26  filed, Plaintiff has taken no action in this case.   The court cannot manage its docket if it

27

28                                    2

1  maintains cases in which a plaintiff has failed to litigate his case.   The public's interest in the

2  expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the

3  court's limited resources may be spent on cases in which the litigant is actually proceeding.

4  Thus, both the first and second factors weigh in favor of dismissal.

5      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

6  and of itself to warrant dismissal."   Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991.

7  However, delay inherently increases the risk that witnesses' memories will fade and evidence

8  will become stale.   Pagtalunan, 291 F.3d at 642.   Defendant has never made an appearance in

9  this action.   As such, any risk of prejudice to Defendant also weighs in favor of dismissal.

10      As for the availability of lesser sanctions, at this stage in the proceedings there is little

11  available to the court which would constitute a satisfactory lesser sanction while protecting the

12  court from further unnecessary expenditure of its scare resources.   Factors that indicate whether

13  a district court has considered alternatives include: (1) Discussing of the feasibility of less drastic

14  sanctions and explanation why alternative sanctions would be inadequate (2) Implementing

15  alternative methods of sanctioning before ordering dismissal (3) Warning to the plaintiff of the

16  possibility of dismissal before actually ordering dismissal.  In re PPA, 460 F.3d at 1228-29.

17   "Warning that failure to obey a court order will result in dismissal can itself meet the

18  'consideration of alternatives' requirement."  In re PPA, 460 F.3d at 1229; Estrada v. Speno &

19  Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001).   In this case, Plaintiff has not responded to the

20  court's order requesting Plaintiff to show cause why dismissal for lack of prosecution is not

21  warranted.  Plaintiff has also not contacted the court.  Thus, the court has no effective sanction

22  but to close the case.

23      Finally, because public policy favors disposition on the merits, this factor normally

24  weighs against dismissal.  Pagtalunan, 291 F.3d at 643.   "At the same time, a case that is stalled

25  or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations

26  cannot move forward toward resolution on the merits.  Thus, [the Ninth Circuit has] also

27

28                                        3

1   recognized that this factor 'lends little support' to a party whose responsibility it is to move a

2   case toward disposition on the merits but whose conduct impedes progress in that direction."

3   In re PPA,  460 F.3d at 1228.  The court finds this factor has little weight in actions where the

4   Plaintiff has not proceeded with an action since filing the complaint.

5         Thus, all factors tip toward a finding that dismissal is warranted.

6                       **ORDER**

7         Accordingly, the court ORDERS that:

8              1.       This action is DISMISSED for Plaintiff's failure to prosecute; and

9              2.       The Clerk of the Court is DIRECTED to close the case.

10   IT IS SO ORDERED.

11

12   Dated:   January 3, 2011                                         
                                       CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                       4